UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKE COUNTY STORMWATER MANAGEMENT COMMISSION, and LAKE COUNTY, ILLINOIS )<br><br>Plaintiff's,<br>v.<br><br>CAMPUS INVESTMENTS, INC., and ZERO ENERGY ESTATES LLC,<br><br>Defendant's. | Case No. 08-cv-3835<br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Michael T. Mason |

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (COUNT I)**

COMES NOW the defendants Campus Investments Inc., and Zero Energy Estates, by and through their attorney, submit this memorandum in support of its motion for Partial Judgment on the Pleadings as to Count I of the Complaint and in support states as follows:

This motion is based upon the grounds set forth below, the Complaint, and the accompanying Memorandum in Support, and upon such evidence and arguments as may be had at the hearing on this motion. The motion is based on the following: The Defendants regulate wetlands inside villages pursuant to 55 ILCS 5/5-1062. Section 5-1062(k) prohibits the extraterritorial regulation of wetlands within villages and mandates that "the **county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance." As the Exhibits to the Complaint confirm: "Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO." (Compl. Ex. A-C). The Defendants regulation of wetlands within incorporated villages is on it's face plainly invalid.

The legislative purpose is identified in § 5-1062(a) as the regulation of floodplain and stormwater. The statute comprises 2,504 words, the word "stormwater" is used fifty-one times, the word "wetland" is absent from its language. The statute permits the enactment of "rules and regulations for **floodplain management** and for governing the location, width, course and release rate of all **stormwater runoff** channels, streams and basins in the county." § 5-1062(f). The statute limits the county's authority to **"inspecting stormwater facilities**." § 5-1062(j). The Defendants rely on this limited stormwater authority to regulate wetlands, soil erosion, grading, and municipal planning. The Defendants even rely on the stormwater statute to license village engineers, wetland scientists and erosion inspectors.

The regulation of wetlands within incorporated villages conflicts with the legislative purpose identified in § 5-1062(a), and is an unlawful expansion of the limitation of regulation to stormwater in § 5-1062(f), and is an unlawful expansion of the limitation of inspections to only stormwater in § 5-1062(j), and is in direct conflict with § 5-1062(k) by retaining jurisdiction after a municipality has adopted a consistent stormwater ordinance, and the Defendants lack extraterritorial powers to regulate wetlands on the plaintiff's property.

WHEREFORE, the defendants pray that this Honorable Court grant it's judgment on the pleadings and dismiss Count I of the Complaint with prejudice.

Dated: July 8, 2008               Respectfully submitted,

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)