UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPUS INVESTMENTS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LAKE COUNTY STORMWATER ) <br> MANAGEMENT COMMISSION, and ) <br> LAKE COUNTY, ILLINOIS, ) <br> ) <br> Defendants. ) <br> ) | Case No. 08-cv-3835 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Michael T. Mason |

**MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW plaintiff Campus Investments, Inc., ("Campus") and moves this Court for a preliminary injunction enjoining and restraining the Defendants from enforcing county wetland regulations within the Plaintiff's subdivision development.

This motion is based upon the grounds set forth below, the Verified Complaint, and the accompanying Memorandum in Support of Preliminary Injunction, and upon such evidence and arguments as may be had at the hearing on this motion. The motion for preliminary injunction is based on the following:

Campus has **obtained approval from the Village** to develop the 25-lot Autumn Ridge subdivision, and has also obtained approval to import fill onto the Property. Campus is not asking to fill all wetlands on the land. It has agreed to preserving 54% of the land in open space conservation. The Defendants seek to regulate the wetlands on the property, and increase the open space to more than 54% of the land, as approved by the Village. After

construction commenced, the Defendants halted the work, and after Campus filed the lawsuit, they fenced the access to the property to prevent all use.

There is an overwhelming likelihood that Campus will prevail on the merits at trial. The Defendants wetland regulations expand the limited authority granted in the state enabling legislation. The statute does not authorize extraterritorial zoning, subdivision or licensing, and was designed to regulate floodplain and stormwater. The Defendants extraterritorial regulation of wetlands, also conflicts with the subdivision and zoning authority granted to villages by the Municipal Code. There is an overwhelming likelihood that Campus will prevail on the merits at trial.

Campus has **obtained approval from the Village** to develop Autumn Ridge and has also obtained interim approval to import fill onto the Property. However, the Defendants **seek to redesign** the approved Autumn Ridge subdivision, by requiring more than 54% open space. The continued denial of the right to commence construction will force Campus into bankruptcy. Campus will suffer imminent, irreparable harm absent the granting of an injunctive relief from this Court. Considering the first amendment retaliation, and the threat of bankruptcy, Campus has made a sufficient showing of irreparable injury.

It is inconceivable that the development of Autumn Ridge, which is **approved by the Village**, will cause the Defendants to suffer any injury of an irreparable nature if, during the time prior to a full hearing, construction starts in accordance with Village approved plans. The Defendants cannot suffer any injury since they lack the statutory authority to require modifications to the Autumn Ridge subdivision. Because the Defendant's will not suffer any hardship this favors preliminary injunctive relief pending a decision on the merits.

In balancing the hardships in the present case, there can be no question that the scales tip overwhelmingly toward Campus. The Defendant's can show no hardship whatsoever from the granting of an injunction, while the **harm** that would come to Campus from the denial of injunctive relief would be both **substantial and irreparable**.

WHEREFORE, For all the foregoing reasons, the Plaintiff prays that this Court issue a preliminary injunction enjoining and restraining the Defendants, their employees, agents, attorneys, servants and anyone acting on their behalf, from regulating the wetlands within the Autumn Ridge subdivision.

Dated: July 9, 2008              Respectfully submitted,

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:   (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)