UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKE COUNTY STORMWATER MANAGEMENT COMMISSION, and LAKE COUNTY, ILLINOIS     Plaintiff's, v. CAMPUS INVESTMENTS, INC., and ZERO ENERGY ESTATES LLC,     Defendant's. | Case No. 08-cv-3835 Judge Milton I. Shadur Magistrate Judge Michael T. Mason |

**RESPONSE IN OPPOSITION TO MOTION FOR REMAND**

COMES NOW defendants Campus Investments, Inc., (Campus) and Zero Energy Estates, LLC, ("Zero") and submit this brief in opposition to Lake County Stormwater Management Commission ("SMC") and Lake County (collectively "Lake County") Joint Motion for Remand (Dkt # 18) and in opposition states the following:

1. Campus initially filed a diversity federal complaint (case no. 08-cv-3046) seeking to overturn the Plaintiff's regulation of wetlands on its property in an incorporated village. 55 ILCS 5/5-1062(k) ("county shall not enforce rules and regulations adopted by the county in any municipality"); § 5-1062(j) (authority limited to "inspecting stormwater facilities."); § 5-1062(f) (rules limited to "floodplain management" and "stormwater runoff channels, streams and basins in the county."); § 5-1062(a) ("wetland" is absent from the statute; legislative purpose floodplain and stormwater management). The Plaintiff's fenced the

Page 1

property. Campus amended the complaint alleging retaliation and moved for an injunction. The Plaintiff's responded by filing a state court complaint (Dkt #1; the "Complaint") adding a new defendant, Zero, in a clear attempt to thwart diversity.

2. "Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent. In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.* First, the lack of state cause of action is discussed, followed by the fraudulent statements in the Complaint.

**PLAINTIFFS DO NOT STATE A CLAIM AGAINST ZERO IN COUNT I**

3. Count I of the Complaint alleges that Campus "is the owner" of the land in the village of Grayslake and that Zero is the "contract purchaser" of the land. (Compl. ¶ 3-4). Impacts to wetlands on the property require a permit. (Compl. ¶ 6, 12). Defendants impacted the wetlands without a permit, in violation of the Plaintiffs permit requirement. (Compl ¶ 19).

4. The Plaintiff's regulate wetlands pursuant to 55 ILCS 5/5-1062. (Compl. ¶ 2). The property is located in the Village of Grayslake. (Compl. ¶ 3). "Grayslake is a certified community for approval and enforcement of the standard (stormwater management) provisions of the WDO" (Compl. Ex. A, B and C). See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

5. The Plaintiff's regulation of wetlands within the village of Grayslake conflicts with the express language in 55 ILCS 5/5-1062(k) that "the **county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance." This is compounded by the following additional statutory abuses:

First, 55 ILCS 5/5-1062 comprises 2,504 words and the word "wetland" or any similar environmental language is wholly absent from the statute. The legislative purpose is identified in § 5-1062(a) as floodplain and stormwater management.

Second, 55 ILCS 5/5-1062(f) only allows Lake County to enact "rules and regulations for **floodplain management** and for governing the location, width, course and release rate of all **stormwater runoff** channels, streams and basins in the county."

Third, 55 ILCS 5/5-1062(j) only allows Lake County to enter land "after 10 days written notice to the owner" for "the purpose of **inspecting stormwater facilities**."

Fourth, villages have exclusive authority to establish "standards of design for subdivisions" 65 ILCS 5/11-12-5 and exclusive zoning authority "**within the corporate limits**." 65 ILCS 5/11-13-1.

Fifth, Lake County's subdivisions authority is limited to land "not being within" any "village" 55 ILCS 5/5-1041 and it's zoning authority is limited to land "**outside the limits**" of "villages." 55 ILCS 5/5-12001.

6. "Counties . . . shall have only powers granted to them by law." Ill. Const Art VII § 7. "Counties" can "exercise only those powers expressly granted to them by the legislature." *Redmond v. Novak*, 427 N.E.2d 53, 57-58 (Ill. 1981). The "powers" of "counties, are **not to be enlarged**" but "**strictly construed** against the governmental entity."

*Inland Land Appreciation Fund v. County of Kane*, 800 N.E.2d 1232, 1236 (Ill. App. 2003). It is "never proper for a court to **depart from plain language** by reading into a statute exceptions, limitations, or conditions which **conflict** with the clearly expressed legislative intent." *County of Knox v. The Highlands, L.L.C.*, 723 N.E. 2d 256, 263 (Ill. 1999).

7. The regulation of wetlands is an unlawful expansion of the stormwater powers found in § 5-1062(f), an unlawful expansion of the limited inspections found in § 5-1062(j) and in direct conflict with § 5-1062(k) by retaining jurisdiction after a municipality has adopted a consistent stormwater ordinance. The plain reading of § 5-1062(a), (k), (f) and (j) confirms that Plaintiffs regulate outside their authority and in direct conflict with the explicit statutory language. Zero was fraudulently joined as the Plaintiffs have no reasonable hope of prevailing on Count I against it in state court. See *Gottlieb*, 990 F.2d at 327 ("Fraudulent joinder occurs [ ] when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court.")

**PLAINTIFFS DO NOT STATE A CLAIM AGAINST ZERO IN COUNT I**

8. Count 2 of the Complaint alleges that "a seasonal dirt farm field access" exists on the property. (Count 2, Compl. ¶ 11). However, the "modification of any existing access facility within the right-of-way of a County Highway" requires a permit. (*Id*. ¶ 13). The "existing dirt access" was improved "with multiple loads of fill and topped with course gravel to allow construction equipment to enter the Subject Property." (*Id*. ¶ 11). Campus did not change "the use of an access facility." (*Id*. ¶ 15). Campus sought simply to import fill after receiving approval from Grayslake. (Dkt # 18-6 pg 25).

9. Lake County's statutory authority for driveway permits is found in 605 ILCS 5/5-413 (Compl. ¶ 11) which requires a permit for driveways "laid out from a county highway." However, a permit is not required to use an existing driveway access. The Defendants did not seek to layout a street, nor did they do any work within the county right-of-way. They are simply accessing their property using the existing access to their land.

10. Also, the Defendants did not change the use of the land by bringing fill onto the land. Besides the suggestion that the use of the land requires a permit is a zoning issue and the Village has exclusive zoning power "within the corporate limits." 65 ILCS 5/11-13-1. The county's zoning is limited to land "outside the limits" of "villages." 55 ILCS 5/5-12001.

11. The Complaint does not allege that Zero has any interest in the land or that Zero has a right of possession. The only allegation is that Zero "represents itself to be the contract purchaser" of the land. (Compl. ¶ 3-4). The contract purchaser is not a proper party unless it has possession of the land. See *Clark Oil & Refining Corp. v. City of Evanston*, 177 N.E.2d 191, 192 (Ill. 1961) (contract purchaser without "a possessory interest" lacks standing to challenge ordinance). Lake County used this very argument in *Metroweb v. Lake County*, 474 N.E.2d 900, 902 (Ill. App. 1985) (complaint dismissed after "the county of Lake, moved to dismiss the complaint on the basis that plaintiff lacked standing" because it "did not have a 'possessory interest' in the property.")

12. Zero was fraudulently joined as the Plaintiffs have no reasonable hope of prevailing on Count II against Zero, the contract purchaser, in state court. See *Gottlieb*, 990 F.2d at 327 ("Fraudulent joinder occurs [ ] when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court.")

## ZERO ENERGY WAS FRAUDULENTLY JOINED IN COUNT I

13. As shown below, the Plaintiff's own documents confirm that Zero has no interest in this controversy and was named a defendant under the mistaken belief it would thwart diversity. See *Gottlieb*, 990 F.2d at 327 ("Fraudulent joinder occurs . . . where there has been outright fraud in plaintiff's pleading of jurisdictional facts.")

14. The Complaint labels Campus and Zero as "Defendants" and swears that on "April 2, 2007, SMC **sent to Defendants**" the letter attached as Exhibit A (Compl ¶ 14). The Plaintiff's motion to remand claims Zero was incorporated on August 20, 2007. (Motion Remand ¶ 6; Dkt # 18-3 pg 2). The letter from SMC is addressed to Campus' engineer in Ohio, and copied to Campus, and predates Zeros corporate existence by five months.

15. The Complaint swears that "**Defendants** . . . **submitted** to SMC on March 8, 2007 a General Development Plan" and "a wetland delineation report" prepared by Christopher Burke. (Compl. ¶ 14). The April 2, 2007 letter (Compl Ex. A) states in the first paragraph that the report is "dated 10-18-05" and the plan is "dated 2-07-07." The report predates Zero's corporate existence by 22 months and the plan by seven months. The March 8, 2007 submission predates its Zero's corporate existence by six months.

16. The Complaint swears that "**Defendants** . . . on August 2, 2007 requesting a Letter of No Wetland Impact determination from the SMC" and "SMC **responded to Defendants**" with a letter dated **August 17, 2007** attached as Exhibit B. (Compl. ¶ 15). The application for a no impact letter, which Lake County swears included Zero, is clearly untrue, it predates its corporate existence. Also, the letter is addressed to Campus' engineer in Ohio, and copied to Campus, the landowner and applicant. Zero is conspicuously absent.

17. The Complaint swears that "on January 9, 2008, **Defendants submitted** to SMC updated plans. . . by letter dated February 13, 2008" attached as Exhibit C "SMC responded to Defendants' submittals." (Compl. ¶ 16). The letter is addressed to Campus' engineer in Ohio, and copied to Campus, the landowner and applicant. Zero is conspicuously absent.

18. The Plaintiffs motion to remand is silent at to why Zero is included in Count I of the state complaint concerning wetlands. There is no basis for including Zero in Count I of the Complaint. Zero has been fraudulent joined. See *Gottlieb*, 990 F.2d at 327.

## ZERO ENERGY WAS FRAUDULENTLY JOINED IN COUNT II

19. The motion to remand argues that Zero is included as a defendant in Count II because it claims to be the contract purchaser in the "June 12, 2008 Highway Access Permit **application** and related cover letter." (Remand Motion ¶ 11). However, the permit application (Dkt # 18-6 pg 28) is silent as to the status of the applicant.

20. The June 12, 2008 cover letter includes a copy of the June 10, 2008 letter from the village granting approval to import fill and the "approved plan by the Village of Grayslake to import fill." (*Id*. pg 28). The Plaintiff's motion includes the June 10, 2008 letter from the village engineer reviewing "the soil stockpile plan" for "**Campus Development, the developer of the project**" and "recommend approval of the plan." (Dkt # 18-6 pg 25). The plans included with the application identifies Campus as the developer.

21. The Plaintiff's motion includes the requirements for conditional access, which confirm that there is no requirement for an interest in land. (Dkt # 18-6 pg17-18).[1] The only

---

[1] Lake County does not require an interest in land for even major access. L.C. High. Acc. Reg. § 2.4 allows an "owner" to apply for major access, but defines owner to include a person having "a **contractual right to purchase** a lot or parcel of land." There is no requirement for an interest in land or possession of land.

requirement is that "the Major Access Permit process must be started." (Dkt # 18-6 pg 17). The Plaintiff's affidavit confirms that Lake County "processed and reviewed the **Major Access Permit Application** submitted **on behalf of Campus Investments, Inc**. on July 20, 2007." (Dkt # 18-6 pg 2, Duckert Aff. ¶ 4). This predates Zero's corporate existence. The affidavit confirms Campus contacted Lake County about access on April 2008. (*Id*. ¶ 6).

22.  The affidavit attached to the Plaintiff's motion is dated June 20, 2008, the same date the state complaint was filed, and on that date "the **conditional access permit is still under review**." (Duckert Aff. ¶ 16). A response will come on "June 3rd." (*Id*. ¶ 14).

23.  In sum, the sole application by Zero, in over one four years of permitting, is the temporary request to import fill, which is supported by village approvals for Campus, and requires a major access permit which Campus filed. Also, on the very day that teh Plaintiffs file their Complaint the "application for conditional access" is "still under review" and is not approved until three weeks later.**²**

## ZERO ENERGY WAS FRAUDULENTLY JOINED IN COUNT II

24.  The Complaint does not allege that Zero has any interest in the land or that Zero has a right of possession. The complaint does not even describe the state of incorporation of either Campus or Zero. The only allegation is that Campus "is the owner" of the land and

---

² The Plaintiff's motion to remand wrongly states that "in prior court filings, defendant has characterized Zero Energy Estates as the 'grading contractor' responsible for all contested grading work on the Subject Property." (Motion Remand ¶ 11). The only correct portion of the quote is that Zero was characterized as the "grading contractor." The statement that Zero is responsible for all grading work is added by the Plaintiff's. The Complaint does not claim that Zero did the grading and instead alleges that "Defendants, or their agents, contractors; or representatives, commenced grading." (Compl. ¶ 18).

Zero is "the contract purchaser" of the property. (Compl. ¶ 3-4). The Plaintiff's motion makes the unsupported conclusion that since Zero is a "contract purchaser" then it is also "an interest-holder" in the land and thus "a proper defendant in the state court" action. (Motion Remand ¶ 11). The Plaintiff's seek to defeat diversity by including statements in the Motion to Remand without proper support. See *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) ("plaintiffs cannot defeat federal jurisdiction simply by filing postremoval affidavits.")

25. The Plaintiff's seek to identify Zero through their motion. See *In Re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint."); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) ("Plaintiffs attempted to change the facts upon which jurisdiction was based.")

26. As the Verified Complaint and affidavits filed in (case no. 08-cv-3046) confirm, Campus has worked on the development of the land for over four years and the correspondence, encompasses well over one hundred documents, the only document which refers to Zero is the temporary access filed two weeks after the federal litigation started.

27. The February 21, 2006 Special Use Permit to subdivide the Property into a 25-lot subdivision is between the village of Grayslake and Campus. The approval predates Zero's corporate existence by 18 months. The letter from SMC sent a letter to Campus on March 17, 2006 requiring them to get a permit from SMC. It predates Zero's existence by 17 months.

28. Campus is the landowner and all permits for subdivision and development of the property over a four year period were issued to Campus. SMC sent a letter to Campus asking them to obtain a permit, and Campus sought a letter of no wetland impact. All correspondence over a four year period were issued to Campus or its engineers, and many

of them predate Zero's incorporation as offered by the Plaintiffs. One week before the Complaint was filed, the only application by Zero for temporary access to bring fill was "still under review" and was not approved until three weeks later. This limited application included the village approval to Campus to bring fill into the property (issued the day the temporary permit was requested) and supported by a major access permit which was filed by Campus before Zero's corporate existence.

29. Zero was fraudulently joined in the Complaint. See *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 464-65 (1980) (when trustee is party to case controversy "the beneficiaries were not necessary parties and their citizenship was immaterial."); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 328 (7th Cir. 1993) (fraudulent joinder established to "limited partnerships played no role in the creation or sale of the partnership units."); *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 654-55 (7th Cir. Ill. 1992) (defendant "had absolutely nothing to do with" the machine that caused plaintiff's injury; fraudulent joinder established.); *Bodine's, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 49-50 (N.D. Ill. 1984) (plaintiffs could not possibly recover contract damages from defendants who were not parties to contract); *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 183-85 (1907) (defendant was draftsman with no responsibility for designing machine).

30. Zero has no real connection to the controversy and should be disregarded. See *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (fraudulently named parties must be disregarded); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992) (same); *Bodine's, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984) (diversity not defeated by fraudulent joinder of local defendant that has no real connection to controversy).

## STATE COURT PROCEEDING IS CIVIL AND NOT QUASI-CRIMINAL

31. The Plaintiff's argue that the "state court action is quasi-criminal in nature" and misquote *State of Georgia Ex Rel. Slaton v. Fleck & Assocs.*, 622 F. Supp. 256 (N.D. Ga. 1985) for this support. In the *Slanton* case the state sought to "close and padlock" a nightclub for "continuing and frequent incidents of lewdness, oral and anal sodomy, and sexual contact" which "violates the criminal laws." *Id.* at 257. The violations "could have been brought only by the State; . . . for permitting violations of the criminal laws . . ." *Id.* 258-59. "A suit brought by a state to vindicate its public policy" or to "vindicate its criminal laws by enjoining violations thereof" is not civil for removal purposes. *Id.* at 258.

32. The complaint in *State of Georgia Ex Rel. Slaton* sought to close the nightclub which is consistent with traditional norms of criminal jurisdiction. There is comparable no criminal law violation in this case. This would be novel indeed, the Plaintiffs' lack authority to regulate wetlands within incorporated villages. See 55 ILCS 5/5-1062(k) ("**county shall not enforce** rules and regulations adopted by the county in any municipality" that has a consistent "stormwater management ordinance.") There is also is no purported vindication of public policy, the statute does not regulate wetland. See§ 5-1062(a), (f) and (j). Surely Lake County cannot regulate wetlands within villages in clear disregard for state enabling act and then argue that this is a quasi-criminal supported by state policy.

33. The state complaint is in a court of equity and commenced by pleading and not indictment. See *Milwaukee County v. M. E. White Co.* 296 U.S. 268, 271 (1935) ("suits of a civil nature within the meaning of the section are those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity.")

34. Additionally, any money sought for the purported violations will not go to the state. The Seventh Circuit in *Cross v. Ryan*, 124 F.2d 883 (7th Cir. 1941) noted that in "the case at bar, there is nothing of a criminal nature about the suit. **The State has no interest in the recovery or the proceeds thereof**. The fact that the recovery of damages under this Section may help the State in its policy to regulate the sale of intoxicating liquor, does not make a suit to recover the damages a suit in its nature other than a civil suit." *Id.* at 886.

## NOTICE OF REMOVAL IS PROPER

35. The initial notice of removal was filed in the state court (Dkt # 18-2 pg 4), Campus improperly filed this directly in the pending federal case, instead of with the clerk as a new case. The court struck direct filing and it was re-filed, docketed, emailed to all parties and a copy mailed to the state court. The second notice was mailed a second time and is being hand delivered on July 15, 2008, well within the thirty day removal period. Plaintiff's cite *Macri v. M & M Contractors*, 897 F. Supp. 381, 385 (N.D. Ind. 1995) where the state filing fell outside 30 day "deadline for filing its removal petition."

WHEREFORE, For all the foregoing reasons, the plaintiff prays that this Honorable Court deny the Plaintiffs Motion to Remand.

Dated: July 14, 2008                Respectfully submitted,

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)
40 The Ledges, 3C
Youngstown, Ohio 44514
Phone: (330) 707-1182
Fax:    (330) 707-1882
Email: SebRucci@Gmail.com
Attorney for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ilnd.uscourts.gov.

*Sebastian Rucci*
Sebastian Rucci (ND IL No. 90785689)